## STRAUSS *v.* HENSEY.

PAYMENT OF MONEY BY MISTAKE; PROMISSORY NOTES; NUDUM
PACTUM.

1. Defendant was the holder of certain worthless and fraudulent notes and deeds of trust upon which one H had, by simulating the name of and representing himself to be J, the owner of the property, obtained money from him. Subsequently H perpetrated a like fraud, for a larger amount, upon plaintiff, who with part of the loan made by him to H took up the notes held by defendant in order to clear the property of the trusts securing them. Both parties believed H to be the owner, J. On discovering the fraud, plaintiff demanded the return of his money, which was refused, and he brought suit. It was *held* that he was entitled to recover.

2. Where money is paid by a mistake of fact, neither party being in fault, the party paying the money may recover it back as money paid without consideration, and, therefore, money had and received by the defendant to the use of the plaintiff.

No. 602. Submitted October 23, 1896. Decided December 17, 1896.

HEARING on an appeal by the defendant from a judgment on verdict in an action for money had and received. to recover money paid under a mistake of fact. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Mackall & Maedel* for the appellant:

1. Whether a transaction is a payment or a purchase of a note is purely a question of intention for the jury to determine. 3 Randolph Com. Paper, 486, Sec. 1423; *Kyne* v. *Erskin*, 7 Mo. App. 591. And the intention of both parties must concur in a purchase and sale of the bill. 3 Randolph Com. Paper, Sec. 1423.

If one not a party to nor liable upon a note takes it up with his own money, the transaction will be deemed a purchase and not a payment, if such was the intention of the parties; and this is the rule, whatever may have been the mode adopted of accomplishing the result. *Swope* v. *Leffingwell*, 72 Mo. 348. And it is necessary to constitute a transaction a sale, that both parties should then expressly or impliedly agree, the one to sell, and the other to purchase the paper. 2 Daniel Neg. Instrs., Sec. 1221, and cases cited.

Whether the transaction is a purchase or a payment, is a question for the jury, when the facts are in dispute, to be resolved according to the intention of the parties, and looking to the substance of the matter rather than its form. 2 Daniel Neg. Inst., Sec. 1221. Evidence considered and held to show that a certain transaction was a payment of notes and not a purchase. *Gammon* v. *Kentner*, 55 Iowa, 508.

Payment of a claim may be made by a third person; and where a claim is paid by a third person, who has no existing interest in the matter, such payment is an extinguishment of the claim and such person is a mere volunteer, and not entitled to subrogation. Whether a transaction between the holder of a promissory note and the person who pays the money therefor is of such a character as to constitute a payment that will operate to extinguish the debt, is generally a question of fact. Payment is the discharge of a debt, and is not a contract. The purchase of a note is a

contract of sale requiring the mutual assent, either express or implied, of a buyer and seller, and a consideration.

Where a third person, at the request of the maker, pays to the holder of a promissory note the amount due thereon and receives the note, his agreement with the maker cannot be considered in determining whether the note was purchased or paid off. *Binford* v. *Adams*, 104 Ind. 41; 2 Daniel Neg. Instrs., Sec. 1221; *Lancey* v. *Clark*, 64 N. Y. 209; *Burr* v. *Smith*, 21 Barb. 262.

As to whether a transaction is a payment or sale or the transfer of a note, depends upon the intention of the parties at the time of the transaction. *Ramsey* v. *Daniels*, 1 Mackey, 16; *Dodge* v. *F. S. & T. Co.*, 93 U. S. 379; *Kennedy* v. *Chapin*, 67 Md. 455.

2. Nor could the plaintiff recover on the theory that the money was paid to Strauss under a mistake of fact. In order to recover on this ground, it must appear that the party receiving the money has received, through some mistake of fact, that which he is not justly and legally entitled to, and which he ought not *in foro conscientiæ* to retain. Strauss received no more than he was justly and legally entitled to receive in payment of the debt due him, and in consideration of such payment he parted with the only evidences of his claim which he possessed, and they were cancelled and turned over to the debtor. Strauss therefore cannot be restored to his former position, which is one of the requisites in case of repayment under such circumstances. *Bank* v. *Bank*, 30 Md. 11; *Price* v. *Neal*, 3 Burr. 1354; *Kirby* v. *Foster*, 31 Mo. 496; *Genn* v. *Shannon*, 12 S. C. 570.

There are many cases where the party has received no legal consideration; and yet, in which, if he has paid the money, he cannot recover it back. *Bank* v. *Bank*, 10 Wheat. 345. This court has clearly recognized this principle in disposing of this case when first before it. *Strauss* v. *Hensey*, 7 App. D. C. 289.

In an action for money had and received the law will

leave the parties where the transaction left them, and both being innocent morally, will not require the appellant to repay money to which his equitable title is at least equal to that of the appellee. *Levy* v. *Bank,* 4 Dallas, 234; *Walker* v. *Conant,* 69 Mich. 321.

3. Hensey cannot recover because he was acting as the agent of Henderson. He received from Henderson a commission for negotiating the loan. In order to consummate the loan he was obliged to satisfy all encumbrances on the property, pay the expenses of getting the title examined, etc. The payment to Strauss was certainly, if nothing more, a voluntary payment by an agent in behalf of his principal, and before making the payment he secured his principal's note for sufficient to cover his advances, thereby supplying another fact tending to show his full reliance on the transaction he was consummating for his principal.

*Mr. Andrew B. Duvall* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case has been in this court on a former appeal. Judgment had been rendered by the court below in favor of the plaintiff, on what was supposed to be a defective affidavit of defence, made under Rule 73 of the court below. The case was then considered here on the state of facts set out in the affidavit of defence, and which, for the purposes of that appeal, was required to be taken as true. The case as then presented is reported in 7 App. D. C. 289. The judgment then appealed from was reversed, and the cause remanded to the court below for trial. On the trial that afterwards took place, quite a different case was presented from that made by the facts stated in the affidavit of defence. The defendant, Aaron Strauss, both by his affidavit and plea, denied his obligation to refund the money received from the plaintiff, Thomas G. Hensey, on what purported to be, but falsely,

the four several promissory notes of Basil Jackson. These notes were not the notes of Basil Jackson, but were made by a man named Henderson, who personated Basil Jackson, and this fact was unknown to both the plaintiff and defendant at the time the notes were taken up by the plaintiff, and their amounts paid over to the defendant, the payee and holder of the notes. The notes were taken up by the plaintiff, and with his own money, in order to clear certain property of deeds of trust that were discovered to have been given to secure the notes held by the defendant, and which deeds of trust also falsely purported to be made by Basil Jackson.

The only evidence offered on the trial below was that on the part of the plaintiff, the principal part of which was testimony given by the plaintiff himself; the defendant offered no evidence whatever. Upon the whole evidence, it being clear and uncontradicted, the court instructed the jury to find for the plaintiff, which was accordingly done. The defendant offered several prayers for instruction, the first of which was that the plaintiff on the evidence was not entitled to recover. But this, and all the other prayers offered by the defendant, the court rejected.

The defendant sought to avail himself of several defences to the action; but they all failed because, as supposed by the court below, there was not sufficient evidence to support them. By the prayers offered, the defendant asked to have the jury instructed, that if the plaintiff was acting as the agent of Henderson in taking up and paying off the notes, or that the plaintiff paid off and discharged the notes in settlement and satisfaction of the debt and the securities therefor, so far as the defendant was concerned, and that the money was paid by the plaintiff as agent of Henderson in the settlement of the notes; or if the jury should find that the notes taken up by the plaintiff had been given by Henderson to the defendant for value, and that thereafter Henderson induced the plaintiff to procure for him a new loan

on the property, with the understanding between them that the plaintiff should, out of such a loan, pay and satisfy the notes given to the defendant; or if the plaintiff took up the notes for the express purpose of having the trust securing them released, and deducting the amount thereof from the loan he had agreed to procure for Henderson on the property, and that the notes were marked paid and the trusts released; then, in either of the cases thus stated in the prayers, the verdict should be for the defendant. But, it must be observed, that in each of the prayers the essential fact is omitted, that of requiring the jury to find that the plaintiff knew, at the time of the transaction with the defendant, he was not dealing with Basil Jackson as the party to whom he was about to make the loan of $2,500, but with Henderson under the assumed name of Basil Jackson.

The court was clearly right in rejecting each and all of the prayers of the defendant. On the evidence before the jury, it would have been error to grant either of such propositions, as they would have been misleading to the jury.

The man Henderson was an impostor and knave engaged in repeated schemes of fraud and deception. He had practiced successfully a scheme of fraud and deception upon the defendant by which he had obtained money upon fraudulent and worthless promissory notes, and deeds of trusts as security therefor by simulating the name of, and representing himself to be, a person other than he really was. He practiced a like scheme of fraud and deception upon the plaintiff for a larger amount. The money advanced by the plaintiff for taking up the notes held by the defendant, falsely purporting to have been made by Basil Jackson, was not the money of Henderson, but the money of the plaintiff. It is true, the latter may have been induced by the fraudulent device and representation of Henderson, acting in his simulated name and character, to advance the money to take up the notes, but the money belonged to the

plaintiff, and he paid it out to the defendant, and obtained nothing of value for it; and the defendant loses nothing by being required to restore the money received from the plaintiff. Both the plaintiff and defendant had been deceived and made victims of the fraud and deception of Henderson, and both supposed that they had been dealing with Basil Jackson, a man of substance, and that they were secured by the property of Basil Jackson. But in this both were alike deceived and mistaken, and both acted upon such mistaken supposition.

Now, it is clear the plaintiff, without fault on his part, parted with his money and paid it over to the defendant *without consideration therefor*, under a false and mistaken supposition as to the party with whom they, the plaintiff and defendant, had dealt. In this state of case, who ought to be the loser? As we have said, the defendant had been deceived and cheated out of his money, and had taken worthless notes therefor, and there would seem to be no reason for holding that he should be indemnified in the result of a like fraudulent deception practiced by the same impostor upon the plaintiff. The defendant has the plaintiff's money without consideration, and it was received by him under a mutual mistake of plaintiff and defendant as to the reality of the party with whom they had both dealt, in respect to the notes and the deeds of trust.

The case would seem to fall clearly within the principle established by many well-decided cases, that where money is paid by mistake, neither party being in fault, the party paying the money may recover it back again as money paid *without consideration*, and therefore had and received by the defendant to the use of the plaintiff. *Espy* v. *Bank of Cincinnati*, 18 Wall. 604. Many cases to the same effect are collected and stated by Mr. Justice White, in the recent case of *Meyer* v. *Richards*, 163 U. S. 385, 406–410. *Gurney* v. *Womersley*, 4 El. & Bl. 133. The leading case upon the subject of the right to recover back money paid by mistake

of fact, is that of *Kelly* v. *Solari*, 9 M. & W. 54. In that case the money had been paid by the plaintiff to the defendant under a *bona fide forgetfulness* of facts which disentitled the defendant to receive it, and it was held that the plaintiff could recover back the money in an action for money had and received. In the course of his opinion Mr. Baron Parke said, "I think that where money is paid to another under the influence of a mistake, that is, upon the supposition that a specific fact is true, which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if it had been known to the payer that the fact was untrue, an action will lie to recover it back, and it is against conscience to retain it, though a demand may be necessary in those cases in which the party receiving may have been ignorant of the mistake." The other barons were of the same opinion.

We discover no error, and the judgment must be affirmed.

*Judgment affirmed.*